**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICHARD CASPAR, | : | |
| | : | Civil Action No. 06-920 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| | : | |
| UNITED STATES PAROLE | : | |
| COMMISSION, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Richard Caspar, Pro Se
#13437-007
F.C.I. Fort Dix
P.O. Box 2000 (East)
Fort Dix, NJ 08640

Dorothy J. Donnelly
Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Room 430
Trenton, NJ 08608

**SIMANDLE**, District Judge

   Petitioner Richard Caspar, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] challenging his sentence, as translated by the

---

   [1] United States Code Title 28, Section 2241, provides in pertinent part:
      (a) Writs of habeas corpus may be granted by
      the ... district courts ... within their
      respective jurisdictions ...
      (c) The writ of habeas corpus shall not
      extend to a prisoner unless- ... (3) He is in

United States Parole Commission pursuant to a prisoner transfer treaty. Respondents are the United States Parole Commission, and Warden Charles Samuels, III. For the reasons set forth below, the Petition will be dismissed, without prejudice, for lack of jurisdiction.

## BACKGROUND

Petitioner is a United States citizen, who was arrested and convicted in Costa Rica for "aggravated pandering against sexual freedom and proper behavior." He was sentenced in Costa Rica to an 8-year prison term. Pursuant to 18 U.S.C. § 4100, et seq., governing transfers of offenders to the United States pursuant to treaties, Petitioner was transferred to the United States.

Pursuant to 18 U.S.C. § 4106A, the United States Parole Commission determined a release date for Petitioner.[2] Represented by counsel, Petitioner waived his right to a

---

> custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Title 18 of the United States Code, section 4106A states, in relevant part:

> The United States Parole Commission shall, without unnecessary delay, determine a release date and a period and conditions of supervised release for an offender transferred to the United States to serve a sentence of imprisonment, as though the offender were convicted in a United States district court of a similar offense.

See 18 U.S.C. § 4106A(b)(1)(A).

sentencing hearing before the Parole Commission, and reviewed and concurred with the "postsentence report" prepared by the United States Probation Service.  On February 23, 2005, the Parole Commission examined Petitioner's records and determined that a similar offense under our laws was coercion and enticement, and found that the applicable guideline range would be between 57-71 months.  The Parole Commission set a date for release of Petitioner after service of 71 months, and imposed a supervised release period of three years thereafter.  Petitioner did not appeal the sentence.

On March 1, 2006, Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  He argues that the Costa Rican sentence was not converted accurately, that the sentence imposed by the Parole Commission was illegally enhanced, was excessive, and that he had ineffective assistance of counsel in his sentencing proceedings.

Respondents filed an Answer and relevant record under seal on August 31, 2006, arguing that this Court lacks jurisdiction to determine Petitioner's claims.

## DISCUSSION

### A.   Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and must set

forth "facts supporting each of the grounds thus specified."  See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**C.   Jurisdiction**

Pursuant to 18 U.S.C. § 4106A(b)(2)(A), "[a] determination by the United States Parole Commission under this subsection may be appealed to the United States court of appeals for the circuit in which the offender is imprisoned at the time of the determination of such commission.  Notice of appeal must be filed not later than 45 days after receipt of notice of such determination."  See also Trevino-Casares v. United States Parole Comm'n, 992 F.2d 1068 (10th Cir. 1993)(stating that Parole Commission's translation of foreign sentence of prisoner

transferred pursuant to Transfer Treaty was tantamount to imposition of federal sentence and was directly appealable to Court of Appeals).

In this case, Petitioner did not appeal his sentence.  He instead seeks to utilize the habeas provision of § 2241 to correct his sentence.

Had Petitioner been convicted in the United States District Court, and then appealed his conviction and sentence to the Court of Appeals, a motion to correct his sentence in the sentencing court would be the next proper course of action, pursuant to 28 U.S.C. § 2255.  However, in transfer treaty cases, it is the Parole Commission that imposes the sentence being challenged, not the district court.  See 18 U.S.C. § 4106A; Bennett v. United States Parole Comm'n, 83 F.3d 324, 327 (10th Cir.), cert. denied, 518 U.S. 1012 (1996).  Regulations guide the procedural aspects of the Parole Commission's determination in treaty transfer cases.  See 28 C.F.R. § 2.68.

District courts do not have jurisdiction over habeas petitions challenging a sentence imposed by another country.  See Bishop v. Reno, 210 F.3d 1295 (11th Cir.), cert. denied, 531 U.S. 897 (2000).  This is based on the following principles:

> To decide if the district court had jurisdiction to grant collateral, habeas relief on a foreign sentence is to delineate the interaction between the Treaty and the implementing statutes, which determine the

5

>    procedure in the United States for administering a
>    foreign-imposed sentence to be completed here.  The
>    Treaty signatories recognized "that foreigners who are
>    deprived of their liberty as a result of their
>    commission of a criminal offense should be given the
>    opportunity to serve their sentences within their own
>    society" and "that this aim can be achieved by having
>    them transferred to their own countries."
>    Nevertheless, "[a] sovereign nation has exclusive
>    jurisdiction to punish offenses against its laws
>    committed within its borders, unless it expressly or
>    impliedly consents to surrender its jurisdiction."
>    Furthermore, provisions of our Constitution, <u>including
>    the writ of habeas corpus</u>, "have no relation to crimes
>    committed without the jurisdiction of the United States
>    against the laws of a foreign country"; an American
>    citizen who commits a crime in a foreign country is
>    subject to trial and punishment under the laws of that
>    country.

<u>Bishop</u>, 210 F.3d at 1299-1300 (citations omitted and emphasis added).  Thus, because the Parole Commission has procedures for appealing, reopening, and reconsidering its orders, this Court lacks jurisdiction over Petitioner's challenges to the Commission's order.  <u>See</u> 28 C.F.R. § 2.68(j), (k); <u>Bennett</u>, 83 F.3d at 327.[3]

Because the Petitioner has not appealed his sentence, as translated by the Parole Commission, to the proper Court of Appeals, and because Petitioner has not complied with the Parole Commission's procedures to challenge his sentence, as outlined in

---

[3]  Further, if Petitioner seeks to challenge the calculation of credits or execution of his sentence by the Bureau of Prisons, Petitioner must first exhaust his administrative remedies within the Bureau of Prisons before filing a habeas action pursuant to § 2241.  <u>See</u> <u>Bennett</u>, 83 F.3d at 327.

6

the Code of Federal Regulations, this Court lacks jurisdiction over the instant Petition, and the Petition must be dismissed.

## **CONCLUSION**

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate Order follows.

 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated:  **November 27, 2006**

7